TOWN OF HAMMONTON, PLAINTIFF-RESPONDENT, v.
ANTHONY VARSACI, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 30, 1962—Decided May 8, 1962.

Before Judges Conford, Gaulkin and Kilkenny.

*Mr. Isaac C. Ginsburg* argued the cause for defendant-appellant (*Mr. Vincent A. DeMarco,* attorney).

*Mr. David R. Brone* argued the cause for plaintiff-respondent (*Mr. Samuel A. Donio,* attorney).

The opinion of the court was delivered by

Conford, S. J. A. D. Varsaci was a patrolman in the police department of the Town of Hammonton, appointed May 16, 1958. He was removed from office by the mayor and council August 9, 1960, after hearing and determination of his guilt by that body on four of six separate charges. On September 2, 1960 Varsaci appealed this action to the Atlantic County Court, where the charges were tried *de novo,* as provided by *N. J. S. A.* 40:47–10. The County Court found Varsaci guilty on three, but not the fourth, of the charges. The judgment, dated January 5, 1961, affirmed Varsaci's removal from his position. Thereafter, on appeal to this court, we determined that the proofs did not justify a finding of guilt on charges numbered 5 and 6, which grew out of a single incident, but did support the adjudication of guilt of charge numbered 3. In our opinion, filed July 12, 1961, we concluded that since we had not sustained all the findings of guilt by the County Court, that court should "fix anew the penalty to be imposed for Varsaci's violation as specified under charge 3."

The County Court did not act on the mandate until December 14, 1961, at which time, after hearing the parties, it filed its determination that Varsaci should stand removed from service as penalty for guilt under charge 3.

In the interim, however, the Town of Hammonton adopted the provisions of the Civil Service Act by referendum of the voters held November 7, 1961. This circumstance constitutes the basis for the first ground of the present appeal by Varsaci from the most recent decision of the County Court. The contention is that as a result of the prior adoption of the Civil Service Act in the municipality the County Court was bereft of any further jurisdiction to pronounce a judgment in the cause, even by way of compliance with the mandate of this court. Specific reliance is had upon *R. S.* 11:21–4 which provides:

"After the adoption of the civil service act of 1908 or this subtitle by any county, municipality or school district, no person shall be appointed, transferred, reinstated, promoted, reduced or dismissed as an officer, clerk, employee or laborer in the civil service of such county, municipality or school district in any other manner or by any means other than those prescribed by this subtitle."

However, in passing upon the issue here presented, it is necessary also, and primarily, to give consideration to the specific act governing rights of review of policemen convicted of disciplinary transgressions in municipalities not operating under civil service, *N. J. S. A.* 40:47–10, which provides, so far as here material:

"Any member of any police department * * * in any municipality in this State not operating under the provisions of subtitle three of Title 11 of the Revised Statutes who has been convicted of any violation of any of the rules or regulations of such [department] by the official * * * empowered to try members of such police department * * * may obtain a review of such conviction by the County Court of the county in which such municipality is situated. * * *"

The effect and operation of the quoted provision and of the applicable provisions of *Title* 11 in respect of review of local disciplinary determinations is discussed in detail in *City of Wildwood v. Neiman,* 44 *N. J. Super.* 209 (*App.*

*Div.* 1957). It was there held that where the municipality adopted the Civil Service Act in the interim between the service of charges against a patrolman and his adjudication of guilt and removal by the local tribunal, review could not be had before the County Court, pursuant to *N. J. S. A.* 40:47–10, but solely before the Civil Service Commission under the pertinent provisions of *Title* 11. The court held that the absence of civil service in the municipality at the time of commission of the offense and service of the charges was not a sufficient basis to found jurisdiction in the County Court, the determinative consideration being that the municipality was operating under civil service "at the time of the conviction." (44 *N. J. Super.*, at *p.* 212.)

If the controlling date is that of the initial conviction before the local tribunal, as intimated in *Neiman,* Varsaci's attack here is completely unfounded, since Hammonton's adoption of civil service was subsequent not only to conviction before the governing body but also to completion of review thereof before the County Court and this court. It was only because of the undue protraction after remand of the execution of the appellate direction of this court, that the adoption of civil service intervened at all prior to the termination of the proceedings on remand.

Defendant's principal emphasis is upon the above quoted language of *R. S.* 11:21–4. But we cannot accord it the sweep attributed to it by him. The section was not concerned with legislating for transitional situations such as that here presented. It was simply the expression of the general intent of the Legislature that after the adoption of civil service a local governmental agency should act only in accordance with its provisions in matters concerning the employment status of civil servants. The matter of the relationship between adoption of civil service and cessation of availability of review in the County Court for convicted policemen was obviously intended by the Legislature to be governed by the above-quoted language of *N. J. S. A.* 40:47–10. Clearly, that provision makes the availability of

County Court review depend upon the nonexistence of civil service in the municipality either at the time of the conviction or at the time when the patrolman is exercising his right to "obtain a review of such conviction" in the County Court. We have no doubt that the latter phrase implies an event no later than the adjudication rendered by the County Court upon the *de novo* hearing. Once that has occurred, if not before (and for present purposes it does not matter which), the jurisdiction of the County Court in the matter becomes fixed without possibility of divestment by the later adoption of civil service in the municipality. To indulge defendant's construction of the statute is to impute to the Legislature an intent to render futile and useless the entire course of appellate review in this court and ancillary proceedings upon remand by mere reason of the adoption of civil service after the County Court has acted on an appeal then unquestionably within its jurisdiction but before completion of remand proceedings ordered by this court. We will not impute so illusory an intent to the legislative body where no countervailing purpose is argued to be served thereby and none occurs to us.

We have examined the authorities cited by defendant in support of his position. We find them either not in point or lacking persuasiveness of a different construction of *N. J. S. A.* 40:47–10 from that developed above.

█ We thus conclude, on the first branch of the appeal, that the County Court possessed jurisdiction to enter the judgment under review.

The second ground of appeal is that the effect of our prior judgment in setting aside the convictions on two of the three charges sustained in the County Court was to void the sentence of removal pronounced by that court. Conceding this, *arguendo,* does defendant no good, however, unless we accept his jurisdictional argument discussed above. As we do not, the point made is academic. If there was no subsisting penalty immediately after our mandate, there was after the County Court complied with it.

Finally, defendant argues that the penalty of removal is excessive in relation to guilt solely of charge 3. In remanding for redetermination of penalty we stated that "[W]hether it should still be dismissal from the police force, or some lesser penalty, we leave to the sound discretion of the County Court." We cannot find a mistaken exercise of that discretion here. We stated in our prior opinion in this case that defendant's conduct included "acts amounting to improper interference and intermeddling by an off-duty officer with a raid being conducted in the course of law enforcement." After reconsideration upon the basis of the defendant's argument on the present appeal we find no reason to alter our appraisal of defendant's activity on the occasion in question. Even were we to exercise our own judgment in the matter, it would accord with the order of the County Court.

Judgment affirmed.